KATHLEEN H. BLACKBURN *vs.* GEORGE L. BLACKBURN
(and a companion case[1]).

Norfolk. June 12, 1986 — August 5, 1986.

Present: GREANEY, C.J., DREBEN, & WARNER, JJ.

*Practice, Civil,* Notice of appeal. *Rules of Appellate Procedure. Divorce and Separation,* Findings, Amendment of judgment.

It was held that Mass.R.A.P. 4(a) required dismissal of the wife's appeal from judgments of divorce nisi, where the notice of appeal had been filed prior to disposition of the wife's motion to amend the judge's findings of fact and the judgments, as well as the husband's motion to amend the judgments, where the only notice of appeal filed by the wife after disposition of these motions was expressly stated to be from the "Order striking findings of fact," which, unaccompanied by an appeal from the judgments, presented nothing for review by this court, and where, although the wife was on notice of the husband's claim that no valid notice of appeal from the judgments had been filed, she failed at any time to seek leave to file a notice of appeal late. [634-635]

COMPLAINTS for divorce filed in the Norfolk Division of the Probate and Family Court Department on March 10, 1983, and February 21, 1984, respectively.

The cases were heard by *James M. Sweeney,* J.

*Kevin J. Mulvey* for Kathleen H. Blackburn.

*Robert J. O'Regan (John P. White, Jr.,* with him) for George L. Blackburn.

WARNER, J. On June 28, 1985, judgments of divorce nisi were entered on the parties' cross complaints. On July 8, 1985, the wife filed a motion to amend the probate judge's findings of fact and the judgments, and the husband filed a motion to amend the judgments. See Mass.R.Dom.Rel.P. 52(b) & 59(e) (1975). The only notice of appeal from the judgments ever filed was by the wife on July 25, 1985. On August 28, 1985,

---

[1] George L. Blackburn *vs.* Kathleen H. Blackburn.

the judge entered an order amending his findings of fact by striking certain findings and adding one. On September 25, 1985, the wife filed a notice of appeal "from the Order striking findings of fact, entered August 28, 1985." Responding to the wife's motion for clarification of his August 28, 1985, order, the judge issued a memorandum on September 26, 1985, stating that the order applied to and disposed of both parties' motions of July 8, 1985. No notice of appeal from the judgments was filed after the disposition of the motions brought under rules 52(b) and 59(e).

In relevant part, Mass.R.A.P. 4(a), as amended effective January 1, 1985, 393 Mass. 1239, provides that, "A notice of appeal filed before the disposition of [a timely motion to amend findings of fact or to alter or amend a judgment] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above."

"The change in the second paragraph of Mass.R.A.P. 4(a) which became effective January 1, 1985, tracks an amendment made to the analogous Federal rule in 1979; and which appears as new Fed.R.A.P. 4(a)(4). Because of a split in the application of rule 4(a)(4) by the Courts of Appeal, the Supreme Court construed the new rule in *Griggs* v. *Provident Consumer Discount Co.*, 459 U.S. 56 (1982). The Court held that the rule as revised meant what it said viz., a premature notice of appeal 'shall have no effect,' *id.* at 61, and that 'it is as if no notice of appeal were filed at all.' *Ibid.* In so saying the Court quoted Professor Moore's observation that the effect of one or more of the postjudgment motions specified in rule 4(a)(4) was that 'The appeal simply self-destructs.' 9 Moore's Federal Practice par. 204.12[1], at 4-65 n.17 (2d ed. 1985)." *Anthony* v. *Anthony,* 21 Mass. App. Ct. 299, 302 (1985). There is no longer a requirement of a showing of prejudice to the appellee. *Id.* at 301-302.

We announced in *Anthony* (*id.* at 302) that "[a]s to all appeals to which new Mass.R.A.P. 4(a) applies we shall give unqualified effect to the language of the new rule, i.e., an appeal founded on a notice of appeal filed prior to disposition of a postjudgment

motion under Mass.R.Civ.P. 50(b), 52(b), or 59 is a nullity and shall be dismissed." *Id.* at 302. Rule 4(a), as construed in *Anthony,* has full effect here with the result that the wife's appeals must be dismissed. The only notice of appeal filed by her from the judgments of divorce nisi is a nullity. The only notice of appeal filed by the wife after disposition of the rule 52(b) and 59(e) motions was not from the judgments but expressly from the "Order striking findings of fact, entered August 28, 1985."[2]

The wife was on notice at least as of November 7, 1985, of the husband's claim that there had been no valid notice of appeal. That claim was pressed in subsequent motions in the Probate Court and before single justices of this court. The decision in the *Anthony* case was issued on December 24, 1985. A motion to dismiss the appeal, expressly relying on *Anthony,* was filed with a single justice of this court on April 24, 1986. Yet at no time did the wife seek leave to file a notice of appeal late. See Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979). Under the rule the time for filing a notice of appeal may be enlarged up to one year from the date of the entry of the judgment sought to be reviewed. While the request for an enlargement of time to file a notice of appeal is burdened, see *Tisei* v. *Building Inspector of Marlborough,* 3 Mass. App. Ct. 377, 379 (1975), it does provide "rescue apparatus," *Points East, Inc.* v. *City Council of Gloucester,* 15 Mass. App. Ct. 722, 725 (1983), for one who has a meritorious appeal, as that term has been defined by the cases. See *Tisei, supra.*

*Appeals from the judgments of divorce nisi dismissed.*

*Order of August 28, 1985, affirmed.*

---

[2] Ordinarily an appeal from a denial of a rule 52(b) or a rule 59(e) motion presents nothing for review when unaccompanied by an appeal from the judgment to which the motion relates. See *O'Connor* v. *City Manager of Medford,* 7 Mass. App. Ct. 615, 616-617 (1979), and authorities cited. Our review of the extensive record in this case shows no reason to disturb the judgments of divorce nisi. We decline, therefore, to deviate from the normal rule. Contrast *id.* at 618. For the same reason, we do not treat the specific notice of appeal from the order of August 28, 1985, as the functional equivalent of or as embracing a new notice of appeal from the judgments.