SELBY ASSOCIATES & another[1] *vs.* BOSTON REDEVELOPMENT AUTHORITY. No. 88-P-94. September 6, 1989. *Practice, Civil,* Notice of appeal, Appeal, New trial, Directed verdict, Judgment notwithstanding verdict. *Rules of Appellate Procedure. Evidence,* Value, Opinion. *Negligence,* Construction work.

The plaintiffs brought an action in the Superior Court alleging that, as a result of negligence by the defendant in the reconstruction of a sewer system, the plaintiffs incurred damages to six basement apartments in six separate buildings which they owned in Boston. A jury verdict was returned in favor of the plaintiffs in the amount of $138,000. Judgment entered on September 21, 1987.

---

[1] Selby A. Turner.

On September 25, 1987, the defendant filed motions for judgment notwithstanding the verdict and for a new trial. Both motions were denied by the trial judge on October 14, 1987.

On October 22, 1987, the defendant filed a notice of appeal from the judgment and also from the denial of its motions for judgment notwithstanding the verdict and for a new trial. On the same day, the defendant filed a motion for "reconsideration of the . . . denial of [its] Motion for New Trial." On November 3, 1987, a hearing on the defendant's motion was held before the trial judge. On November 30, 1987, the judge allowed the motion for reconsideration. The judge then ruled that "[a]fter reconsideration of the Motion for New Trial, the 'Denial' of the motion is affirmed. The Motion for New Trial is *DENIED*" (emphasis in the original). No notice of appeal was filed by the defendant from the November 30, 1987, denial of its motion for new trial. The plaintiffs claim that the defendant was required by Mass.R.A.P. 4(a), as amended, effective January 1, 1985, 393 Mass. 1239, to file another notice of appeal after the judge reaffirmed his denial of the motion for new trial. Plaintiffs argue that the omission requires us to dismiss the defendant's appeal. They cite *Anthony* v. *Anthony*, 21 Mass. App. Ct. 299, 302 (1985), *Blackburn* v. *Blackburn*, 22 Mass. App. Ct. 633, 634-635 (1986), and *Finn* v. *McNeil*, 23 Mass. App. Ct. 367, 368-371 (1987), as support for their argument.

Rule 4(a) states, in relevant part, "[a] notice of appeal filed before the disposition of [a timely motion under Rule 59 for a new trial] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above." In *Anthony* v. *Anthony*, *supra* at 302, we held that pursuant to rule 4(a), "an appeal founded on a notice of appeal filed prior to disposition of a [motion for new trial] is a nullity and shall be dismissed." See also *Blackburn* v. *Blackburn*, *supra* at 634-635.

Here, the motion filed after the defendant had filed a timely notice of appeal was not another motion for a new trial. It did not raise any issues not addressed in the earlier motion but rather was merely a request to the judge to reconsider the previously filed motion for new trial. The effect of such a motion on a previously filed notice of appeal appears to be a matter of first impression in the Commonwealth. However, the question has arisen and been answered in at least one Federal circuit. In *Turner* v. *Evers*, 726 F.2d 112 (3d Cir. 1984), the court was faced with a matter remarkably similar to the one presently before us. The court said: "[W]here, as here, a motion styled as one for reconsideration is made by the same party that *lost* an earlier motion covered by [Fed.R.A.P.] 4(a)(4) and the factual and legal issues surrounding the earlier motion and the current motion are roughly similar, we see no good reason to allow such motions either to postpone the time for appeal or to destroy appeals filed during their pendency" (emphasis original). *Id.* at 114. In accord is *Kelly* v. *Pennsylvania R.R.*, 228 F.2d 727 (3d Cir. 1955), cert. denied, 351 U.S. 925 (1956). In *Kelly*, the

court stated that "an application for reargument of a prior motion for a new trial is not to be regarded as itself a motion for a new trial or even as a renewal of such a motion. It is simply a request that the court reconsider its action upon the original motion" (footnote omitted). *Id.* at 729-730. See also 9 Moore's Federal Practice, par. 204.12[1] at 4-67 (1986).[2] We are persuaded by the Federal cases on point and we hold, in the circumstances, that the defendant's motion for reconsideration of its earlier motion for new trial did not nullify its previously filed notice of appeal.

We now turn to the issues raised by the defendant. None of them requires any extended discussion. The judge did not commit error in denying the defendant's motion for judgment notwithstanding the verdict and its motion for directed verdict. The evidence introduced by the plaintiffs and considered in the light most favorable to them justified the verdict against the defendant. *D'Annolfo* v. *Stoneham Housing Authy.*, 375 Mass. 650, 657 (1978).

The trial judge properly allowed Selby Turner to testify on the question of the value of the property. Turner was the general partner of Selby Associates. "The rule which permits an individual owner to testify to the value of real or personal property does not rest upon his holding the legal title, but is based upon his familiarity with the characteristics of the property, his knowledge or acquaintance with its uses, and his experience in dealing with it." *Winthrop Prods. Corp.* v. *Elroth Co.*, 331 Mass. 83, 85 (1954), citing *Menici* v. *Orton Crane & Shovel Co.*, 285 Mass. 499, 503 (1934). Whether a witness is qualified to testify as to value is a preliminary question of fact for the trial judge and that finding will not be disturbed on appeal "unless upon the evidence it [is] erroneous as matter of law." *Rubin* v. *Arlington*, 327 Mass. 382, 384 (1951). Here, an examination of Turner's testimony demonstrates his familiarity with the property's characteristics, acquaintance with its actual and potential uses, and his experience with the subject property and other property located nearby. Turner was cross-examined vigorously by counsel for the defendant. Evidence concerning Turner's opinion that the garden level apartments were unsaleable or unrentable brought out in that cross-examination did not justify the exclusion of the witness's testimony but rather went to the weight of the testimony. *Southwick* v. *Massachusetts Turnpike Authy.*, 339 Mass. 666, 670-671 (1959).

Additionally, the defendant claimed in its motion for a new trial that: (1) the verdict was against the weight of the evidence, (2) the damages awarded by the jury were excessive, (3) there were inconsistent answers by the jury to the special questions, (4) there was misconduct by the plaintiff in his argument, and (5) the judge committed several errors in his evidentiary rulings and in his instructions to the jury. These claims are without merit.

---

[2] We note that Mass.R.A.P. 4(a), as amended, tracks Fed.R.A.P. 4(a)(4). *Blackburn* v. *Blackburn, supra* at 634.

In sum, we have reviewed all the issues raised by the defendant, whether discussed in this rescript or not. We rule that the judgment entered in the Superior Court is to be affirmed.

*So ordered.*

*John F. Mulhern* for the defendant.
*Marc S. Seigle* for the plaintiffs.