BENJAMIN D. BAXTER, JR., & another[1] *vs.* BOARD OF APPEALS OF BARNSTABLE & another.[2] No. 89-P-571. November 21, 1990. *Practice, Civil,* Notice of appeal. *Zoning*, Person aggrieved.

Acting under a zoning by-law provision which authorized it to grant a special permit for a change in nonconforming use (§ G[B]), the board of appeals of Barnstable granted a special permit to Hyannis Harbor Tours, Inc., to use the locus, which was in a Business B Limited District, in part for six one-bedroom apartments. Residential use was not allowed as matter of right in the Business B Limited District. A judge of the Superior Court decided, after trial, that the plaintiffs lacked standing as aggrieved persons to maintain the action they had brought under G. L. c. 40A, § 17. Accordingly, he entered a judgment dismissing the appeal. We affirm.

[1]Morris I. Johnston, Jr., trustee
[2]Hyannis Harbor Tours, Inc.

1. *Procedural point.* Following entry of judgment the plaintiffs filed a motion to amend the judgment or for a new trial (Mass.R.Civ.P. 59[a] and [e], 365 Mass. 827, 828 [1974]) and promptly stumbled on the procedural obstacle placed by Mass.R.A.P. 4(a), 393 Mass. 1239 (1985). What the plaintiffs did was to file a notice of appeal from the judgment before disposition of the motion under Mass.R.Civ.P. 59. A notice of appeal filed before disposition of certain posttrial motions — including one made under rule 59 — is, by the express terms of Mass.R.A.P. 4(a), without effect. Reasons for the rule are explicated in *Anthony* v. *Anthony*, 21 Mass. App. Ct. 299, 301 (1985), and *Finn* v. *McNeil*, 23 Mass. App. Ct. 367, 369-370 (1987). See also *Blackburn.* v. *Blackburn*, 22 Mass. App. Ct. 633, 634-635 (1986). When the judge denied the posttrial motion, the plaintiffs did not renew their notice of appeal from the underlying judgment but filed only a notice of appeal from denial of the posttrial motion. As the first notice of appeal had become a dead letter, only the denial of the posttrial motion, the subject of the second notice of appeal, is before us.

In this instance, the consequences of the loss of rights to appeal from the underlying judgment are not very significant. The posttrial motion was directed at the judge's findings and conclusions that the plaintiffs were not aggrieved persons within the meaning of G. L. c. 40A, § 17. Appeal of the denial of that motion raises the aggrieved person question. We think the trial judge decided that question correctly, and that conclusion renders academic such merits of the zoning dispute as were touched on during the trial and in the trial judge's memorandum of decision.[3]

2. *"Aggrieved person" status.* There is considerable obscurity in the record about whether the plaintiffs were presumptively aggrieved persons in the sense that they received or were entitled to receive notice of the zoning proceedings under G. L. c. 40A, § 11. See *Marotta* v. *Board of Appeals of Revere*, 336 Mass. 199, 204 (1957); *Waltham Motor Inn, Inc.* v. *LaCava*, 3 Mass. App. Ct. 210, 214-215 (1975), and cases there cited. For purposes of decision, we assume that the plaintiffs were in the parties-in-interest category and, therefore, were entitled to a rebuttable presumption that they were aggrieved persons. See *Murray* v. *Board of Appeals of Barnstable*, 22 Mass. App. Ct. 473, 476 (1986). As the judge found, that presumption was rebutted at trial by the evidence about the plaintiffs' reasons for bringing the action.

Those concerns were, first, that the locus, although long filled in, had once been subject to tidal action; was, therefore, tideland; and that a license had not been obtained for revised use, conformably with G. L. c. 91, § 18. Licensure under c. 91 was not within the jurisdiction of the

---

[3]The judge's correct disposition of the aggrieved person question also renders academic the plaintiffs' appeal from the denial by the trial judge of a motion to extend the time for filing a notice of appeal from the original judgment. In any event, the substantial discretion which a judge has to grant or deny such a motion was not abused.

board of appeals, however, and was not a grievance relevant to the zoning proceeding. A second concern, on the part of one of the plaintiffs, was about fish smells from a proposed fish store on the locus, but a fish store was permissible as matter of right in the Business B Limited District. Other concerns of the plaintiffs fell in the category of planning opinions, e.g., "Well I don't like the way it's laid out over there and it shouldn't be, I don't think," and, "[w]ell, cutting out the views of *other* people in the park (emphasis supplied)" and "[s]houldn't be so dense." There is no suggestion in the record that the developer's plan violated any site review, density, or dimensional requirements of the zoning by-law. The only code violation from which the developer had obtained dispensation by special permit was the residential use planned for upper floors of commercial buildings. As to that, the plaintiffs expressed no displeasure, nor did they offer evidence of legitimate interest that the locus not be used for residential purposes. Contrast *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 629-630 (1977). Deciding whether a party is a person aggrieved calls for the exercise of an element of discretion. *Id.* at 629. *Sherrill House, Inc.* v. *Board of Appeal of Boston*, 19 Mass. App. Ct. 274, 276 (1985). We are satisfied that the judge rightly exercised his discretion.

*Judgment affirmed.*

*John W. Spillane* for the plaintiffs.
*Michael David Ford* for Hyannis Harbor Tours, Inc.