TOWN OF WEST SPRINGFIELD *vs.* OLYMPIC LOUNGE, INC. No. 97-P-1085. October 29, 1998. *Practice, Civil,* Appeal, Notice of appeal, Judgment. *Rules of Civil Procedure. Rules of Appellate Procedure.*

Upholding West Springfield's zoning by-law that permits an establishment to offer nude dancing as entertainment only in the town's two Business B zoning districts, the judge, on September 27, 1994, entered his findings, rulings, and order for a judgment enjoining the defendant, doing business as the Diplomat Lounge, from offering such entertainment on its premises located in a Business A district. On October 6, 1994, the defendant filed a timely motion under Mass.R.Civ.P. 52(b), as amended, 423 Mass. 1402 (1996), seeking additional findings of fact bearing on its claim that the by-law was unconstitutional. On October 20, 1994, before any action had been taken by the judge on the defendant's motion, the defendant filed a notice of appeal from "the final judgment entered in this action on September 27, 1994." That appeal was defective for three reasons: the findings and order for judgment were not themselves an appealable judgment, see Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1977); *Selectmen of Braintree* v. *County Commrs. of Norfolk*, 399 Mass. 507, 508 (1987); the appeal was filed before the entry of the final judgment on October 21, 1994, see *Arthur D. Little, Inc.* v. *East Cambridge Sav. Bank*, 35 Mass. App. Ct. 734, 738-739 (1994); and the appeal was filed before the court had disposed of the motion to amend the findings, see Mass.R.A.P. 4(a), as amended, 393 Mass. 1239 (1985); *Anthony* v. *Anthony*, 21 Mass. App. Ct. 299, 300-303 (1985); *Hodge* v. *Klug*, 33 Mass. App. Ct. 746, 750 (1992). Following the entry of a final judgment on October 21, the judge denied the motion to amend the findings on October 25, 1994. On November 16 the

defendant filed a notice of appeal "from the . . . Order entered on October 25, 1994 which is attached hereto, renotice being necessitated by Defendant's Motion for Additional Findings of Facts and to Amend the Court's Findings that were denied on the 25th of October, 1994."

In February, 1995, the town filed a motion to dismiss the appeal filed prematurely on October 20, 1994. That motion was denied, and the town appealed. The denial was improper. Even if, in the absence of the rule 52(b) motion, that appeal could have been treated as effective under the reasoning of *Lewis* v. *Emerson*, 391 Mass. 517, 520 (1984), the pendency of the undisposed-of motion for amended findings meant that " '[t]he appeal simply self-destruct[ed].' " *Blackburn* v. *Blackburn*, 22 Mass. App. Ct. 633, 634 (1986), quoting from 9 Moore's Federal Practice par. 204.12[1], at 4-65 n. 17 (2d ed. 1985).

The judge considered the motion to dismiss as if it also applied to the notice of appeal from the October 25 order denying the defendant's rule 52(b) motion. If the motion had been directed to the appeal from the October 25 order, there would have been no error in denying it, because the appeal was timely as to that order, and the order was appealable, see *Baxter* v. *Board of Appeals of Barnstable*, 29 Mass. App. Ct. 993, 994 (1990). The appeal from that order raises some of the matters most relevant to the judgment but is, however, without merit. The most critical of the additional findings the defendant sought related to distances, in an effort to prove that the practical effect of the various buffer zones required of nude dancing clubs precluded their establishment even in the zone where they were ostensibly allowed; but the judge had already explained, in his original findings, why he regarded the evidence introduced to show distances as deficient, and it lay within his discretion not to revisit the issue. Moreover, the defendant's effort to show unavailability depended, in part, on its contentions that the nude dancing buffer from districts designated for residential uses applied to business, commercial, and industrial districts in which some form of residential use could legally be established and that the required buffer from any establishment licensed to serve liquor applied even to the establishment offering nude dancing — both contentions that the judge could reasonably reject.

Finally, the judge could not properly treat the appeal from the October 25 order as an appeal from the October 21 judgment. *Blackburn* v. *Blackburn*, 22 Mass. App. Ct. at 634-635; *Baxter* v. *Board of Appeals of Barnstable*, 29 Mass. App. Ct. at 994. The use of the word "renotice," if taken to mean more than second notice of appeal, can only refer back to the defective notice of appeal from the judge's September 27 order. In any event, any such inference is precluded by the express designation that the appeal was from the October 25 order.

Made aware by the town's appeal that the status of the defendant's own appeal was still at issue, the defendant might have availed itself of the "rescue apparatus" of Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979), *Blackburn* v. *Blackburn*, 22 Mass. App. Ct. at 635, quoting from *Points East, Inc.* v. *City Council of Gloucester*, 15 Mass. App. Ct. 722, 725 (1983), by way of a motion for late filing of an appeal from the October 21, 1994, final judgment; but it did not do so.

The order of October 25, 1994, is affirmed. The order entered on March 31, 1995, denying the town's motion to dismiss the appeal from the September

27, 1994, findings and order is reversed. A new order shall enter dismissing the appeal from the findings and order of September 27, 1994.

*So ordered.*

*Edward N. Marasi* for the defendant.

*Nelson G. Apjohn* (*Augustus F. Wagner, Jr.*, with him) for the plaintiff.