EDGAR FREEMAN SAWYER, JR. *vs.* MARGARET M. SAWYER. No. 04-P-1358. April 18, 2006. *Divorce and Separation,* Appeal. *Practice, Civil,* Notice of appeal.

This appeal is from a judgment of divorce nisi entered on November 20, 2003, in the Probate and Family Court. The wife claims that the judge committed error in his determination of the fair market value of the former marital home and also challenges several findings of fact as not supported by the evidence. The husband argues that the Probate and Family Court judgment must be affirmed and the appeal dismissed because the wife failed to file a timely notice of appeal.

After the judgment of divorce nisi entered on November 20, 2003, both parties filed timely motions to alter or amend the judgment. The judge denied both motions by orders dated December 3, 2003, and entered on December 5, 2003, thereby triggering the thirty-day appeal period. On December 10, 2003, the wife filed a timely notice of appeal from the judgment.

On January 27, 2004, the judge issued his findings of fact, which were entered on the docket on January 28. On February 6, 2004, the wife filed a motion to alter or amend the findings under Mass.R.Dom.Rel.P. 52(b). By order dated March 10, 2004, the judge denied the motion. The wife did not file a notice of appeal from that order, nor did she file any new notice of appeal from the judgment.

The husband argues that the wife's notice of appeal from the judgment became a nullity because she did not file a new notice of appeal from the denial of her motion to alter or amend the findings. See *Anthony* v. *Anthony*, 21 Mass. App. Ct. 299, 300-303 (1985); *Blackburn* v. *Blackburn*, 22 Mass. App. Ct. 633, 634-635 (1986).

The 1985 revision to Mass.R.A.P. 4(a), as amended, 430 Mass. 1603 (1999), rendered a notice of appeal from a judgment a nullity where the notice of appeal is filed prior to the disposition of certain postjudgment motions. The revised rule reads in pertinent part: "If a timely motion under the Massachusetts Rules of *Civil* Procedure is filed in the lower court by any party: . . . (2) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted . . . , the time for appeal for all parties shall run from the entry of the order . . . granting or denying . . . such motion. A notice of appeal filed before the disposition of *any of the above motions* shall have no effect. A new notice of appeal must be

filed within the prescribed time measured from the entry of the order dispos-
ing of the motion as provided above." (Emphases supplied.)

Although the Massachusetts Rules of Civil Procedure expressly do not ap-
ply to divorce proceedings, see Mass.R.Civ.P. 81(a)(1)(9), as appearing in 423
Mass. 1412 (1996), the court in *Anthony, supra* at 302, announced that "[a]s
to all appeals to which new Mass.R.A.P. 4(a)[, as amended, effective January
1, 1985,] applies we shall give unqualified effect to the language of the new
rule, i.e., an appeal founded on a notice of appeal filed prior to disposition of
a postjudgment motion under Mass.R.Civ.P. 50(b), 52(b), or 59 is a nullity
and shall be dismissed." See *Blackburn* v. *Blackburn, supra.*

In *Finn* v. *McNeil,* 23 Mass. App. Ct. 367, 369 (1987), the court stated that
the purpose underlying the 1985 revision of rule 4(a), and the reason underly-
ing its decisions in *Anthony* and *Blackburn,* "was the undesirability of having
a case proceed along the appellate path on the basis of a judgment which
might be modified. Such a state of affairs was, at best, disorderly and, at
worst, it was likely to provoke mischief if a trial court and an appellate court
possessed power to modify the same judgment."

In contrast with Mass.R.Civ.P. 52(a), as amended, 423 Mass. 1402 (1996),
rule 52(a) of the Massachusetts Rules of Domestic Relations Procedure, effec-
tive July 1, 1984, states, "Where the court enters judgment pursuant to [G. L.
c. 208, § 34,] it shall issue findings of fact and conclusions of law thereon
within sixty (60) days of the filing of a notice of appeal." The rule plainly
contemplates that findings in § 34 divorce cases will be issued after entry of
judgment, after the filing of an appeal from that judgment, and, in most cases,
after the expiration of the appeal period.

We recognize that our decisions in *Anthony* and *Blackburn* may be seen as
setting a trap for the unwary. However, those decisions were announced more
than twenty years ago, and as evidenced by the lack of appeals on that issue,
the decisions apparently have been accepted generally by the probate bar.

In this matter, the wife was required to file a new notice of appeal after the
disposition of her motion to alter or amend the findings, the first notice hav-
ing been rendered a nullity. We have reviewed the record in this matter and
see no reason to depart from the normal rule.[1]

*Appeal from judgment of divorce nisi dismissed.*

*Jennifer E. Vecchi* for Edgar Freeman Sawyer, Jr.

*John B. Hopkins* for Margaret M. Sawyer.

---

[1]In any event, the wife would fare no better on the merits. The probate judge did not
abuse his discretion in determining the fair market value of the marital home, and the
judge's findings of fact were supported by the evidence.