SANDY STEPHENS *vs.* GLOBAL NAPs
(and a companion case[1]).

Nos. 06-P-0435 & 06-P-0836.

Suffolk. February 26, 2007. - November 8, 2007.

Present: PERRETTA, SMITH, & VUONO, JJ.

*Practice, Civil,* Appeal, Judgment, Judgment notwithstanding verdict, New trial, Reconsideration, Enlargement of time, Notice of appeal, Relief from judgment, Judicial discretion. *Judgment,* Relief from judgment. *Appeals Court,* Appeal from order of single justice. *Anti-Discrimination Law,* Maternity leave, Damages. *Damages,* Under anti-discrimination law.

The thirty-day time period allowed by Mass.R.A.P. 4(a) for the filing of a notice of appeal in a civil action, which had been tolled by the filing of the defendant's postjudgment motions, began to run anew on the day the plaintiff accepted a remittitur pursuant to a judge's order requiring a remittitur or, alternatively, allowing a new trial; therefore, where the defendant filed its notice of appeal thirty-nine days after the appeal period had commenced, it was untimely [680-681], and neither the entry of a corrected judgment on a later date nor the filing of a motion for partial reconsideration served to change the result [681-682]; moreover, the trial court judge, in denying the defendant's motion to extend time to file its notice of appeal under Mass.R.A.P. 4(c), acted within his discretion in deciding that the defendant had failed to demonstrate excusable neglect [682-683], and a single justice of this court did not commit an abuse of discretion in denying the defendant's motion under Mass.R.A.P. 14(b) to enlarge the time to file the notice of appeal [683-684].

This court vacated a trial court judge's order denying a defendant's motion for partial reconsideration insofar as it reflected the trial court judge's inadvertence in failing to discount a front pay award to reflect present value, and this court remanded the matter to the trial judge for recomputation [684-685]; however, the other two claims argued by the defendant with regard to its motion for partial reconsideration did not provide an appropriate basis for relief [686].

The prevailing plaintiff in a civil action was not entitled to attorney's fees and costs incurred on appeal, where the defendant's arguments, while largely unsuccessful, were not frivolous. [686]

CIVIL ACTION commenced in the Superior Court Department on September 10, 2001.

---

[1]The companion case is between the same parties.

The case was tried before *Christopher J. Muse*, J., and post-judgment proceedings were had before him.

A motion for enlargement of time was heard in the Appeals Court by *Trainor*, J.

*John J. Barter* (*Evan M. Fray-Witzer* with him) for Global NAPs.

*Emilie F. Athanasoulis* (*Christine Cooney* with her) for Sandy Stephens.

The following submitted briefs for amici curiae:

*Martin J. Newhouse & Ben Robbins* for New England Legal Foundation & another.

*Nina Joan Kimball & Jonathan J. Margolis* for Massachusetts Employment Lawyers Association.

Vuono, J. The plaintiff, Sandy Stephens, was employed by defendant Global NAPs (Global) as a housekeeper for Global's president, Frank Tiberius Gangi.[2] In late 1999 Stephens informed Gangi and her supervisor, Janet Lima, that she was pregnant and that her last day of work before maternity leave would be July 14, 2000. Stephens claimed that Lima told her that she could extend her maternity leave from September 18, 2000, to October 2, 2000, if her baby was delivered by Cesarean section. Stephens's baby was born on August 2, 2000, by Cesarean section, and she so informed Lima. Anticipating her return to work on October 2, 2000, Stephens called Lima on September 27, 2000, and learned that she had been fired for failing to return to work on time. Thereupon, Stephens brought an action in the Superior Court alleging that Global and Gangi had violated the Massachusetts Maternity Leave Act (MMLA), G. L. c. 149, § 105D. A jury returned a verdict against Global for compensatory damages in the amount of $1,366,165 and punitive damages in the amount of $1,000,000, and against Gangi,[3] for aiding and abetting Global, in the amount of $136,000.

The threshold question before us is the scope of Global's appeal. In the circumstances presented here, we conclude that Global's appeal from the judgment on the jury verdict and from

---

[2]The plaintiff also named Gangi as a defendant in the complaint. After trial, the judge granted Gangi's motion for judgment notwithstanding the verdict and dismissed the count against him.

[3]See note 2, *supra*.

the denial of its motion for judgment notwithstanding the verdict (n.o.v.) or, in the alternative, for a new trial or remittitur, is not properly before us. However, Global's appeals from (1) the denial of its motion for partial reconsideration of the court's order regarding its motion for a new trial or remittitur (treated as a motion pursuant to Mass.R.Civ.P. 60[b], 365 Mass. 828 [1974]); (2) the denial of its motion to extend time to file an appeal pursuant to Mass.R.A.P. 4(c), as amended, 378 Mass. 928 (1979); and (3) the corrected judgment entered on October 25, 2005, were timely. In addition, Global's appeal from the denial by a single justice of this court of its motion for an extension of time pursuant to Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979), which was consolidated with this appeal, is also before us.

1. *Relevant facts and procedural history.* The postjudgment procedural history of the case is extensive, and we relate only so much as necessary to frame the issues. After judgments on the jury verdict entered on July 27, 2004,[4] Global and Gangi filed a timely motion for judgment n.o.v. or, in the alternative, for a new trial or remittitur. In a detailed memorandum of decision and order dated February 11, 2005, and docketed on February 17, 2005, the trial judge (1) allowed the motion for judgment n.o.v. with respect to the aiding and abetting count against Gangi; (2) denied the motion for judgment n.o.v. with respect to Global; (3) denied the motion for a new trial as to liability; and (4) allowed the motion for a new trial on the issue of damages unless Stephens accepted a remittitur of the compensatory damages in the amount of $1,012,305.12 and of the punitive damages in the amount of $0 within thirty days. Stephens elected to accept the remittitur, and her acceptance was entered on the docket on March 11, 2005.

On March 16, 2005, Global filed a motion[5] for partial reconsideration of the court's order on the motion for a new trial or remittitur (hereinafter referred to as the "motion for partial reconsideration"). That motion, which makes no reference to any rule of civil procedure, sought reconsideration "with respect to the determination of [p]laintiff's damages for front pay and emotional distress." Specifically, Global claimed (1) that the

---

[4]See Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1977).

[5]The motion was dated February 22, 2005.

judge erred in failing to discount the front pay award for present value; and (2) that the emotional distress award, even as remitted, lacked adequate support in the record. The trial judge denied the motion on April 6, 2005.

On April 19, 2005, Global filed its first notice of appeal, from (1) the judgment on the jury verdict against Global; (2) the order denying its motion for judgment n.o.v; (3) the order denying its motion for a new trial; and (4) the order denying its motion for partial reconsideration of the court's order on the motion for new trial or remittitur. Apparently concerned that its notice of appeal might be viewed as untimely, Global also moved to extend the time for filing a notice of appeal pursuant to Mass.R.A.P. 4(c) "to the extent such motion is deemed necessary."

Stephens promptly moved to strike Global's notice of appeal for untimeliness, asserting that more than thirty days had passed between the date of the order denying the motion for a new trial (March 11, 2005, when Stephens accepted the remittitur) and Global's filing of its notice of appeal (April 19, 2005). Global opposed the motion, denying untimeliness on the basis that its motion for partial reconsideration tolled the time period for filing its appeal; in addition, for safety's sake, assuming untimeliness, Global claimed excusable neglect. The motions were heard on July 20, 2005. In a written memorandum of decision issued on July 28, 2005, the trial judge allowed Stephens's motion to strike Global's appeal and denied Global's motion to extend the time for filing a notice of appeal.

Global then filed a timely notice of appeal from the court's July 28 order prohibiting it from filing a late notice of appeal. Numerous postjudgment motions ensued, a majority of which concerned Global's attempt to reinstate its chief appeal. A judgment pursuant to Mass.R.Civ.P. 58(a) was entered on the docket on October 4, 2005, and following a motion to amend that judgment, a corrected judgment entered on October 25, 2005. Global filed a notice of appeal from that judgment on November 17, 2005. Eventually, on January 13, 2006, the trial judge issued an order (entered January 20, 2006) on the motions regarding the notices of appeal, in which he ruled that "*there are only two viable appeals* available to Defendant: (1) an appeal of the court's

denial of Defendants' Motion for Extension of Time Pursuant to [Mass.R.A.P.] 4(c) (and the Reconsideration); and (2) Defendant's appeal of the Corrected Judgment [entered on October 25, 2005]" (emphasis original).

2. *Viability of Global's appeal from (a) the judgment on the jury verdict and (b) the denial of its motion for judgment n.o.v. or for a new trial or remittitur.* Under Mass.R.A.P. 4(a), as amended, 430 Mass. 1603 (1999), Global was required to file its notice of appeal "within thirty days of the date of the entry of the judgment appealed from." See *Muir* v. *Hall,* 37 Mass. App. Ct. 38, 40 (1994). Global's timely filing of a motion for judgment n.o.v. or a new trial tolled the running of the thirty-day appeal period until such time as the motion was denied.[6] *Ibid.* Here, Global's motion for judgment n.o.v. was denied on February 11, 2005, and its motion for a new trial was denied on March 11, 2005, when Stephens accepted the remittitur. See *Okongwu* v. *Stephens,* 396 Mass. 724, 727 (1986). See also *Hastings Assocs.* v. *Local 369 Bldg. Fund, Inc.,* 42 Mass. App. Ct. 162, 163 n.3 (1997).

Therefore, it was on March 11, 2005, that the new appeal period began to run, and it is from that date that the timeliness of Global's appeal from the judgment on the jury verdict and the orders denying the motion for judgment n.o.v. and the motion for a new trial must be computed. Since Global filed its notice of appeal on April 19, 2005, thirty-nine days after the appeal period had commenced, it was untimely.

Global contends that the rule set forth in the *Okongwu* case "creates unique circumstances and confusion" and urges us to ignore it. Global further argues that the *Okongwu* decision does

---

[6]Rule 4(a) of the Massachusetts Rules of Appellate Procedure, as amended, 430 Mass. 1603 (1999), provides, in pertinent part: "If a timely motion under the Massachusetts Rules of Civil Procedure is filed in the lower court by any party: (1) for judgment under Rule 50(b) [judgment notwithstanding the verdict]; (2) under Rule 52(b) to amend or make additional findings of fact . . . ; (3) under Rule 59 to alter or amend a judgment; or (4) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above."

not apply here because it concerned an earlier version of Mass. R.A.P. 4(a). While Global is correct that rule 4(a) has been amended, the changes cited by Global have no bearing on the circumstances of this case. The earlier version of rule 4(a) provided that "the full time for appeal fixed by this rule shall commence to run and shall be computed *from the making of any of the following orders* made upon a timely motion under such rules . . ." (emphasis original). *Okongwu* v. *Stephens*, 396 Mass. at 727 n.5, quoting from Mass.R.A.P. 4(a), as amended, 378 Mass. 924 (1979). The rule now states that the appeal period shall "run *from the entry of the order* denying a new trial or granting or denying any other such motion" (emphasis supplied). Mass.R.A.P. 4(a), as amended, 430 Mass. 1603 (1999). Here, the denial of Global's motion for a new trial was effectively entered on March 11, 2005, the day on which the remittitur was accepted and docketed. Thus, in accordance with the holding in *Okongwu*, the critical date on which the new appeal period began to run was March 11, 2005.

Global argues that the "corrected judgment" entered on October 25, 2005, is the " 'final judgment' that adjudicated all the rights and liabilities of the parties" and that, therefore, its appeal from the corrected judgment served to preserve its appeal from the underlying jury verdict and all adverse postjudgment orders. However, the case law interpreting rule 4(a) does not support this interpretation. See *Okongwu, supra* at 727-729.[7]

Global's argument that the filing of its motion for partial reconsideration tolled the period for filing its appeal is also unavailing. A motion for reconsideration does not have the tolling effect claimed by Global. See *Curly Customs, Inc.* v. *Pioneer Financial*, 62 Mass. App. Ct. 92, 96-97 (2004), citing *Selby Assocs.* v. *Boston Redev. Authy.*, 27 Mass. App. Ct. 1188, 1189-1190 (1989). See also *Aroesty* v. *Cohen*, 62 Mass. App. Ct. 215, 218-219 (2004).

---

[7]Global also overlooks the fact that the final judgment on the jury verdict pursuant to Mass.R.Civ.P. 58(a) had already entered on July 27, 2004. Compare *Zielinski* v. *Connecticut Valley Sanitary Waste Disposal, Inc.*, 70 Mass. App. Ct. 326, 328-332 (2007) (final judgment not entered until three years later; appeal from judgment timely). The judgment entered October 4, 2005, related only to the revised damages award based on the plaintiff's acceptance of the remittitur. The October 25, 2005, judgment merely corrected the calculation of the interest awarded in the October 4 judgment.

Nor does characterizing its motion for partial reconsideration as a "new" motion for a new trial provide any help to Global. Under Mass.R.Civ.P. 59(b), 365 Mass. 827 (1974), a motion for a new trial must be served not later than ten days after the entry of judgment. Any motion for a new trial filed after the period set out by Mass.R.Civ.P. 59(b) would have to be considered as falling within Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). Rule 60(b) motions do not toll the running of the thirty-day appeal period. *Piedra* v. *Mercy Hosp., Inc.*, 39 Mass. App. Ct. 184, 187-188 (1995). Nor does treating Global's motion for partial reconsideration as a motion to alter or amend the judgment under Mass.R.Civ.P. 59(e), 365 Mass. 828 (1974), change our analysis. While motions for reconsideration ordinarily fall within rule 59(e), which tolls the running of the thirty-day appeal period, "[r]ule 59(e) motions filed more than ten days after entry of judgment are 'considered to fall within [Mass.R.Civ.P. 60(b)].' " *Piedra* v. *Mercy Hosp., Inc.*, *supra* at 188 n.4. Here, the original judgment was entered on July 27, 2004. Thus, Global's filing of its motion for partial reconsideration on March 16, 2005, far exceeded the ten-day period, see *Aybar* v. *Crispin-Reyes*, 118 F.3d 10, 14 (1st Cir. 1997), and did not toll the running of the thirty-day appeal period.

3. *Order denying Global's motion to extend time to file its notice of appeal.* Our conclusion that Global's appeal from the judgment on the verdict and the orders denying its motion for a judgment n.o.v. or for a new trial or remittitur is untimely does not end our inquiry. As noted above, Global moved for an extension of time to file its notice of appeal under Mass.R.A.P. 4(c). After a hearing, the trial judge denied the motion. We review the judge's decision for abuse of discretion. See *Shaev* v. *Alvord*, 66 Mass. App. Ct. 910, 911-912 (2006) (no room within which judicial discretion can operate with respect to rule 4[c] motion unless record shows facts warranting finding of "excusable neglect").

Global set forth the following facts to support its claim of excusable neglect in its supporting memorandum: (1) "Defendants have aggressively and promptly asserted their rights in prosecuting their post-trial motions . . . ," and (2) "this case has had a complex post-trial history . . . ." According to the

judge's memorandum of decision, it appears that Global further relied on a "misplaced belief that [its] filing of a motion for reconsideration . . . would 'stop the clock' on the time for filing its appeal."

Regarding Global's acknowledged misunderstanding of the law, the judge found that Global "provided no compelling facts or arguments to establish why there existed this confusion in the face of the obvious and well known holdings of *Selby* and *Curly*." See *Selby Assocs.* v. *Boston Redev. Authy.*, 27 Mass. App. Ct. at 1189-1190; *Curly Customs, Inc.* v. *Pioneer Financial*, 62 Mass. App. Ct. at 96-97. The judge concluded:

> "In short, defendants failed to present 'circumstances that are unique or extraordinary,' as required by *Felt* v. *General Rental Company*, 383 Mass. 603[, 614] (1981). See *Goldstein* v. *Barron*, 382 Mass. 181, 186 (1980) ('A flat mistake of counsel about the meaning of a statute or rule may not justify relief: relief is not extended "to cover any kind of garden variety oversight" ')."

We conclude that the judge acted within his discretion in deciding that Global had failed to show excusable neglect. Accordingly, the order denying Global's motion to extend time for filing an appeal is affirmed. See *BJ's Wholesale Club, Inc.* v. *City Council of Fitchburg*, 52 Mass. App. Ct. 585, 589 (2001).

4. *Order denying Global's motion to enlarge time to file a notice of appeal pursuant to rule 14(b).* As no extension of time for filing a notice of appeal was granted by the trial judge, Global pursued relief from a single justice of this court under Mass.R.A.P. 14(b).[8] Global's motion, which advanced the same arguments as those made in its motion under Mass.R.A.P. 4(c), was denied in an order dated January 31, 2006. Global argues

---

[8]Rule 14(b) of the Massachusetts Rules of Appellate Procedure, as amended, 378 Mass. 939 (1979), provides: "Enlargement of Time. The appellate court or a single justice for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but neither the appellate court nor a single justice may enlarge the time for filing a notice of appeal beyond one year from the date of entry of the judgment or order sought to be reviewed, or, in a criminal case, from the date of the verdict or finding of guilt or the date of imposition of sentence, whichever date is later."

that the single justice abused his discretion in denying its motion because he failed to address whether Global had demonstrated "good cause" for enlarging the time prescribed by rule 4(a). We disagree. Although the single justice did not fully explain his decision, there is no basis for concluding that the denial of Global's motion constituted an abuse of discretion. Global points to the single justice's order itself as support for its argument. The single justice in denying the motion stated:

> "It appears that petitioners have been granted leave to appeal from both the trial court's order of 7/28/05 [the denial of Global's request for an extension], as well as the corrected judgment of October 25, 2005."

Global maintains that the wording of the order suggests that the single justice believed that the trial judge had allowed Global to appeal from the judgment on the underlying jury verdict as well as from the denial of all postjudgment motions.

In view of the fact that the trial judge's order dated January 13, 2006, unambiguously limited Global's appeals, explicitly stating that the "Defendants may not . . . file a Notice of Appeal for the Denial of [their] Motions for Judgment Notwithstanding the Verdict, or, alternatively, New Trial and/or Remittitur," we do not accept the defendant's contention that the single justice misunderstood the procedural posture of the case when he denied Global's motion for an enlargement of time. The order of the single justice denying Global's motion to enlarge the time for filing its notice of appeal is affirmed.

5. *Order denying Global's motion for partial reconsideration.* Global's motion for partial reconsideration must be treated as a motion under Mass.R.Civ.P. 60(b), see *Piedra* v. *Mercy Hosp., Inc.*, 39 Mass. App. Ct. at 188 n.4; Reporters' Notes to Mass.R. Civ.P. 59, Mass. Ann. Laws, Rules of Civil Procedure, at 1065 (LexisNexis 2006); therefore, the order denying the motion is an appealable order. Since Global's notice of appeal filed on April 19, 2005, encompassed the denial of its motion for partial reconsideration, the appeal is timely.

The resolution of a motion for relief from judgment pursuant to Mass.R.Civ.P. 60(b) lies within the broad discretion of the motion judge, and "an appellate court will not reverse the mo-

tion judge's decision 'except upon a showing of a clear abuse of discretion.' " *Tai* v. *Boston*, 45 Mass. App. Ct. 200, 224 (1998), quoting from *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass. 155, 158 (1987). The only issue before us is whether, applying the standards for a motion for relief from judgment, the judge abused his discretion in denying Global's motion for partial reconsideration. The denial is contained in a handwritten marginal notation on the motion, and we are unable to determine on what basis the judge denied the motion or whether the judge fully considered the issues raised by Global. Global argues that the judge, in determining the "outer bounds of reasonableness" for the front pay damage award in setting the remittitur amount, erred by inadvertently failing to discount the front pay award to reflect present value. An award for front pay must be reduced to present value. See *Trinity Church* v. *John Hancock Mut. Life Ins. Co.*, 399 Mass. 43, 52 (1987); *Conway* v. *Electro Switch Corp.*, 402 Mass. 385, 388 n.3 (1988).

Our review of the trial judge's memorandum and decision reveals that the judge based the remitted award solely on the difference between what Stephens would have made had she continued to work at Global and what she reasonably expected to earn through mitigation. Thus, we agree with Global that the judge failed to discount the award to reflect present value. Because the judge had instructed the jury that any front pay award must be discounted for present value, yet in his memorandum and order made no mention of the necessity of doing so and did not in his calculations discount the award for present value, it appears that his failure to do so was an oversight and inadvertent. Such inadvertence may appropriately be corrected on a motion for relief from a judgment or final order. See *Southern Fireproofing Co.* v. *R.F. Ball Constr. Co.*, 334 F.2d 122, 129 (8th Cir. 1964); Reporters' Notes to Mass.R.Civ.P. 60, Mass. Ann. Laws, Rules of Civil Procedure, at 1094 (Lexis Nexis 2006). Therefore, treating the motion for reconsideration as a motion pursuant to Mass.R.Civ.P. 60(b), we vacate the order denying the motion for partial reconsideration insofar as it relates to this issue, and remand the matter to the trial judge for a recomputation to determine the present value of the front pay damage award of $763,340, and for a corresponding correction of the remittitur.

The other two claims argued by Global with regard to its motion for partial reconsideration do not provide an appropriate basis for relief under rule 60(b). Even if the issue were before us, we would in any case find no merit in Global's claim that the front pay award should be further reduced because the assumption that the plaintiff "would have continued to work for Global for 33.5 years" was "speculative." The judge specifically noted that based on the evidence presented the jury could have found that Stephens would have continued to work for Global until she reached the age of sixty-five.[9] We note also with regard to Global's contention that the judge erred in calculating the emotional distress award that the judge acted well within his discretion in concluding that an award of $100,000 was appropriate. The judge pointed out that Stephens testified that she was "shocked and humiliated," suffered depression for several months, and, at the time of the trial, continued to experience nightmares. While "[i]t is not an easy matter to develop quantitative criteria for emotional distress damages," *Borne* v. *Haverhill Golf & Country Club, Inc.*, 58 Mass. App. Ct. 306, 320 (2003), we discern no error on the part of the trial judge.[10]

6. *Stephens's request for attorney's fees and costs.* Stephens argues that she is entitled to reasonable attorney's fees and double costs because Global has pursued an insubstantial and frivolous appeal. See Mass.R.A.P. 25, as appearing in 376 Mass. 949 (1979). We disagree. "[A]n appeal is frivolous '[w]hen the law is well settled, when there can be no reasonable expectation of a reversal.' " *Love* v. *Pratt*, 64 Mass. App. Ct. 454, 459 (2005), quoting from *Avery* v. *Steele*, 414 Mass. 450, 455 (1993). We conclude that Global's arguments, while largely unsuccessful, were not frivolous. Accordingly, we deny the plaintiff's request for an award of attorney's fees and double costs.

7. *Conclusion.* The defendant's appeal from the judgment on the jury verdict and the orders denying its motion for judgment notwithstanding the verdict or, in the alternative, for a new trial

---

[9]Moreover, Global is not in a position to challenge the calculations after it refused to agree to submit special questions on damages to the jury that would have shown the specific amounts included in any award.

[10]We do not consider a fourth claim argued by Global in its brief but not made below, as it may not be presented for the first time on appeal.

or remittitur is dismissed for failure to file a timely notice of appeal. The order denying the motion for partial reconsideration, treated as a motion for relief from judgment pursuant to Mass. R.Civ.P. 60(b), is reversed insofar as it denies the request for recomputation of the front pay portion of the damage award ($763,340) to reflect present value in the order on the motion for a new trial or remittitur; in all other respects the order denying the motion for reconsideration is affirmed. Insofar as the order on the motion for a new trial or remittitur and the corrected judgment set the amount of the front pay award as $763,340, they are vacated, and the matter is remanded for recomputation of the front pay award for present value, correction of the remittitur amount, and such further proceedings as may be necessary. The order denying Global's motion to extend time to file an appeal pursuant to Mass.R.A.P. 4(c) is affirmed. The order of the single justice denying the defendant's motion to enlarge time to file an appeal pursuant to Mass.R.A.P. 14(b) is affirmed.

*So ordered.*