Roach, Christine M., J.
Plaintiff, United Co-Operative Farmers, Inc. (“plaintiff’), brought this breach of contract action against Defendants, John Aro, Aro’s Poultry Farm, Aro’s Poultry Farm, Inc. and T.D. Banknorth, N.A. The parties stipulated to a dismissal of the reach and apply defendant bank. A default judgment entered against the remaining Defendants on January 3, 2008. Following a series of post-judgment motions, Defendants filed a Notice of Appeal on March 16, 2008.
Plaintiff has moved to dismiss certain portions of the Notice of Appeal as untimely. Following hearing on May 6, 2008, and review of all record pleadings and rulings, Plaintiff s Motion is ALLOWED, for the reasons discussed herein.
Undisputed Procedural History
Plaintiff is a Massachusetts corporation engaged in the business of supplying grain and feed. John Aro is the president of Aro’s Poultry Farm, a Massachusetts business, and Aro’s Poultry Farm, Inc., a Massachusetts corporation that operates a poultry farm. The parties contracted for the purchase and sale of poultry grain and feed. Plaintiff alleged Defendants failed to pay for deliveries totaling approximately $514,733.90, and filed suit for same in August 2007. Plaintiff requested a default pursuant to Mass.R.Civ.P. 55(a) on October 23, 2007. The docket reflects Defendants filed *349 an Answer on November 1, 2007, which was returned to counsel on November 14, 2007.
On November 19, 2007, a motion for default judgment was allowed in the amount of $514,733.90, plus costs. (Kern, J.) On November 27, 2007 Defendants filed a Motion to Remove Default and File Answer Late. The court (Kern, J.) denied that motion on January 2, 2008, and entered final judgment against the Defendants in the amount of $514,733.90, plus costs and interest, on January 3, 2008. Defendants thereafter filed, on January 25, 2008, a Motion for Reconsideration of the denial of their motion to remove default, and a Motion to Vacate Judgment. Both motions were denied by the court (Kern, J.), on March 6, 2008.
On March 16, 2008, Defendants filed a Notice of Appeal from: 1) the denial of their Motion to Remove Default and File Answer Late; 2) the Judgment entered on January 3, 2008; 3) denial of their Motion for Reconsideration; and 4) denial of their Motion to Vacate Judgment. Plaintiff concedes the Notice of Appeal was timely with respect to the Motion for Reconsideration and the Motion to Vacate Judgment. Plaintiff moves to dismiss Defendants’ appeal with respect to the Motion to Remove Default and File Answer Late (denied on January 2, 200.8), and from Judgment entered January 3, 2008.
Discussion
A party aggrieved by a decision of the trial court has thirty days from the date of entry of the order to file a notice of appeal. Mass.R.App.P. 4(a). .Parties may request leave of court for an extension of time not to exceed an additional thirty days. Id.., at 4(c). The thirty-day appeal period may be tolled by certain limited and timely procedural steps, among them the filing of a motion to alter or amend the judgment pursuant to Mass.R.Civ.P. 59. Id. at 4(a), para. 2(3). In contrast, a postjudgment motion filed pursuant to Mass.R.Civ.P. 60 does not toll the time limit for filing a notice of appeal. Muir v. Hall, 37 Mass.App.Ct. 38, 41 (1994), citing Friedman v. Board of Registration in Medicine, 414 Mass. 663, 665 (1993).
It is undisputed Defendants did not file their Notice of Appeal within thirty days of January 2, 2008, the date of the denial of their motion to remove default, or of January 3, 2008, the date of the judgment. Nor did Defendants request leave of court for additional time to file their Notice of Appeal. Thus, Plaintiffs Motion to Dismiss turns on whether Defendants successfully tolled the time period for the appeal with respect to the first two motions by filing, on January 25, 2008, a Motion for Reconsideration or a Motion to Vacate the Judgment. This determination in turn is controlled by appellate authority with respect to the proper characterization and effect of these motions under the respective Rules.
It is clear that a motion for reconsideration does not toll the appeals period, because it “is not the equivalent of a Rule 59 motion (or any of the other motions enumerated in Mass.R.A.P. 4(a)).” Curly Customs, Inc., v. Pioneer Financial, 62 Mass.App.Ct. 92, 96-97 (2004), citing Selby Assocs. v. Boston Redevelopment Authority, 27 Mass.App.Ct. 1188, 1189-90 (1989). See also Stephens v. Global NAPs, 70 Mass.App.Ct. 676, 681 (2007).
Defendants’ remaining motion, to vacate a default judgment, was filed pursuant to Mass.R.Civ.P. 60(b), which provides potential relief for, among other things, mistake, inadvertence or excusable neglect. Rule 60 “does [not] provide an avenue for challenging supposed legal errors . . . Relief under Rule 60(b)(6) will be granted only in extraordinary circumstances.” Pentucket Manor Chronic Hospital, Inc. v. Rate Setting Comm’n, 394 Mass. 233, 236 (1985), citations omitted. The fact that Defendants did not style or cite Mass.R.Civ.P. 59(e) is not dispositive, because it is “substance, not labels, [that] should control in determining whether a postjudgment motion is a rule 59(e) motion or a rule 60 motion.” Id. A motion may be treated as a rule 59(e) motion where it “call[s] into question the correctness of a judgment.” Id. at 237.
As in their Motion for Reconsideration, Defendants argued in their Motion to Vacate simply that their failure to answer was due to the excusable neglect of counsel. This argument does not challenge the factual or legal basis for the court’s entry of default. Compare Pentucket, 394 Mass. at 237 (noting that “rule 59(e) is designed to correct judgments which are erroneous because they lack legal or factual justification”). This is not surprising, as the motion to vacate a default is grounded in Mass.R.Civ.P. 55(c), whereby for good cause shown, a court may set aside an entry of default and an accompanying judgment, pursuant to Rule 60(b). Such motions are addressed to the sound discretion of the trial judge. Scannell v. Ed Ferreirinha & Urmao Lda, 401 Mass. 155, 156-57 (1987). The substance of Defendants’ Motion to Vacate was and remains one filed pursuant to Rule 60, not Rule 59(e). As such it cannot toll the applicable time period for filing an appeal with respect to the two motions untimely filed.
Conclusion
Plaintiffs Motion to Dismiss that portion of Defendants’ appeal with respect to: 1) Motion to Remove Default; and 2) Motion for Relief from Judgment, is ALLOWED. Those two bases of appeal are DISMISSED, and shall not proceed. Defendants’ Notice of Appeal with respect to the Motion for Reconsideration and the Motion to Vacate Judgment are timely, are not challenged herein, and thus shall proceed. SO ORDERED.