The plaintiff, Nataly Minkina, appeals from an April 24, 2017, Superior Court order denying her motion for relief from a judgment after rescript, pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). We affirm.
Background. This case has a long history, including multiple prior appeals to this court. The plaintiff originally sued the defendants (Frankl; Margolis; and Rodgers, Powers & Schwartz, LLP) for alleged legal malpractice that occurred during the defendants' representation of the plaintiff in an employment discrimination action. See Minkina v. Frankl, 86 Mass. App. Ct. 282, 283, 286 (2014) (Minkina I ). The claims were dismissed on the defendants' motion for summary judgment, in April of 2013. See Minkina I, supra at 287-288. On September 11, 2013, the judge subsequently awarded attorney's fees to the defendants, pursuant to G. L. c. 231, § 6F. See Minkina v. Frankl, 88 Mass. App. Ct. 1116 (2015) (decision pursuant to rule 1:28) (Minkina II ).
On appeal, this court affirmed the summary judgment dismissing the complaint against the defendants. Minkina I, supra at 287-293. The attorney's fees award was separately appealed, and was affirmed by a single justice and subsequently by a full panel of this court. Minkina II, supra.
After this court affirmed the attorney's fees award, the defendants on April 27, 2016, filed a motion for judgment after rescript regarding the fees and costs, which the Superior Court judge allowed, entering judgment after rescript on May 17, 2016. An execution on the judgment entered on July 7, 2016.
Roughly six months later, on January 18, 2017, the plaintiff filed the motion for relief from the judgment after rescript, pursuant to Mass.R.Civ.P. 60(b), that is the subject of this appeal. On April 24, 2017, the motion judge denied the rule 60(b) motion. He stated that the motion was untimely, and that the arguments raised in the motion either had already been made, or should have been made, in connection with the two motions (for summary judgment and for fees) that were decided in 2013. The plaintiff appeals.
Discussion. a. Plaintiff's motion for relief from judgment.[3] An appellate court will not reverse a motion judge's decision on a motion for relief from judgment, pursuant to Mass.R.Civ.P. 60(b), unless there is a "showing of a clear abuse of discretion." Stephens v. Global NAPs, 70 Mass. App. Ct. 676, 684-685 (2007).
In this present appeal, the plaintiff argues that the original award of attorney's fees in 2013 was improper under G. L. c. 231, § 6F, because the fees were not actually "incurred" by the defendant; that there were uncontroverted facts that establish that her original malpractice action was not frivolous; and that the defendants obtained a favorable decision on their motion for summary judgment by making misrepresentations regarding Minkina's motives in filing a motion to amend. As the motion judge stated, these arguments are directed at the order granting summary judgment, and the fee award order, that were entered in 2013. And as noted above, both the order granting summary judgment and the fee award order were previously appealed to this court.
There accordingly was no abuse of discretion in denying the plaintiff's motion, substantially for the reasons stated by the motion judge. First, the plaintiff's rule 60(b) motion was untimely, because the arguments it raised were directed at the summary judgment and fee award orders entered in 2013, over three years earlier. Rule 60(b) requires that motions be made "within a reasonable time" after the judgment or order, and it was well within the court's discretion to determine the motion untimely here. Additionally, the arguments in the plaintiff's rule 60(b) motion either had already been raised or could have been raised earlier in the litigation, and should have been raised, if at all, in prior appeals to this court. For example, the plaintiff's argument that the defendants did not "incur" expenses within the meaning of § 6F should have been argued, if at all, in opposition to the original motion for fees, and then been the subject of the appeal to the single justice under G. L. c. 231, § 6G. Minkina II, supra.[4] Additionally, the plaintiff's argument that billing records of the defendants show that the defendants misled the Superior Court judge into denying the plaintiff's motion to amend her complaint is just a rehash of an argument that the plaintiff raised in her appeal from the 2013 summary judgment. There was no error in denying the rule 60(b) motion.
b. Defendants' motion for relief from vexatious and improper conduct. On May 16, 2017, after the plaintiff filed her present notice of appeal, the defendants filed in the Superior Court a "motion for relief from Plaintiff's vexatious and improper conduct," purportedly under Mass.R.Civ.P. 59, 365 Mass. 827 (1974), and rule 60. On appeal, the defendants ask this court to deem the plaintiff a vexatious litigant, pursuant to their motion below. The motion for relief is not properly before this court, however, as there has been no action by the trial court on the defendants' motion, let alone any appeal from an order on the motion.[5]
c. Plaintiff's motion for recusal. After the present notice of appeal was filed, the plaintiff filed in the Superior Court a motion for recusal and disqualification of the motion judge. The motion judge denied the motion. The plaintiff sought review of the denial by a single justice of this court, attempting to utilize a petition under G. L. c. 231, § 118. On August 17, 2017, the single justice dismissed the order on procedural grounds, stating, "[T]he plaintiff may raise her arguments for recusal in her appeal to the panel." The plaintiff did not, however, notice an appeal to this court.
The plaintiff has argued in this appeal that the Superior Court judge wrongfully denied her recusal motion. The denial of the recusal motion is not properly before us on this appeal, however, as this appeal is from the denial of the plaintiff's rule 60(b) motion.[6]
Even if we were to reach the merits of the recusal motion, the plaintiff would fare no better. The record reveals no evidence of bias or prejudice towards the plaintiff on the part of the judge. Moreover, the judge consulted his own emotions and conscience, and determined that he was free of bias and prejudice in this case. He also evaluated if his impartiality could reasonably be questioned, and determined that it could not. We discern no error or abuse of discretion. See Lena v. Commonwealth, 369 Mass. 571, 575 (1976) (judge is to consult "his own emotions and conscience" to determine if free of prejudice); Demoulas v. Demoulas Super Mkts., Inc., 428 Mass. 543, 546 nn.5 & 6 (1998) (judge must objectively evaluate whether impartiality might be questioned).
The order entered April 24, 2017, denying the plaintiff's motion for relief from judgment after rescript is affirmed. The defendants are awarded costs of appeal.
So ordered.
Affirmed.

Though the plaintiff's notice of appeal states that she is appealing from a judgment, the date she specifies is the date of the order denying her motion for relief from judgment.

Although we need not reach the merits of the plaintiff's "incurred" argument, we note that the plaintiff's argument runs contrary to the reasoning of the Supreme Judicial Court decision in Polay v. McMahon, 468 Mass. 379, 389 (2014).

This court invited the defendants to address in their appellate brief whether "the appeal is premature and the notice of appeal filed by the [plaintiff] after entry of judgment is a nullity due to [the defendants'] filing of its postjudgment motions"; the defendants did not address the issue. In any event, the defendant's postjudgment motion was not filed within ten days of the judgment after rescript, and in fact was filed in the Superior Court after Minkina filed her notice of appeal. It does not impact the current appeal. See Mass.R.A.P. 4(a), 365 Mass. 733 (1974).

The plaintiff apparently interpreted the single justice's order to mean that the order denying recusal was somehow being consolidated into this appeal. The single justice's order, however, was simply saying that the plaintiff could not appeal the recusal decision to the single justice, and needed to appeal that decision to the full court. The plaintiff did not notice an appeal to the full panel from the recusal order.