We interpret the plaintiff, Carleton MacDonald, to be appealing from the order denying his motion for relief from judgment, pursuant to Mass.R.Civ.P. 60(b)(1), 365 Mass. 828 (1974) ( rule 60 [b] motion).[2] On appeal, MacDonald argues that the judge abused her discretion in denying his rule 60(b) motion because he submitted sufficient evidence to show that his legal malpractice claim against his former attorney, defendant Max J. Mahoney, has merit. We affirm.
Background. On April 11, 2016, MacDonald filed a legal malpractice complaint against Mahoney in Superior Court.[3] After a stipulation to an extension of time, Mahoney filed an answer to MacDonald's complaint on July 13, 2016. On August 9, 2016, Mahoney served MacDonald with interrogatories and a request for production of documents. The deadline for MacDonald to respond to Mahoney's interrogatories was September 26, 2016. On October 5, 2016, Mahoney sent MacDonald an electronic mail message stating, "I believe that your discovery responses are overdue?" MacDonald responded, "You may be right. Thanks for the heads up."
On October 20, 2016, MacDonald responded to Mahoney's document request and produced approximately 1,900 pages of documents, but no interrogatory answers were provided. That same day, Mahoney served MacDonald with a final request for answers to the interrogatories. The parties thereafter agreed to an extension, which gave MacDonald until November 22, 2016, to file his answers to Mahoney's interrogatories. On November 30, 2016, Mahoney filed an application for final judgment, pursuant to Mass.R.Civ.P. 33(a), as appearing in 436 Mass. 1401 (2002). The motion judge ordered the entry of judgment in favor of Mahoney, and judgment entered on December 14, 2016.
Five days later, MacDonald filed a motion to vacate the default judgment. After a hearing on January 25, 2017, the motion judge denied MacDonald's motion to vacate the default judgment, stating that MacDonald "has submitted no evidence of a meritorious claim." On March 6, 2017, MacDonald filed his rule 60(b) motion, requesting the motion judge to revisit the denial of his motion to vacate the default judgment. MacDonald attached a supplemental affidavit and an expert report to his rule 60(b) motion. The supplemental affidavit provided, in pertinent part:
"The ... case is considered meritorious because the liability in the case involves a lawyer having failed to file a Statement of Claim with FINRA, (the Financial Industry Regulatory Authority) with its binding arbitration proceedings, and its six year eligibility rule, Rule 12206, within the time required to sustain a claim. Rule 12206 required filing the arbitration claim within six years of the purchase date of the investments, in most instances. [Mahoney] failed to do so."
The expert report provided an assessment of "investments made for [MacDonald] from May 2006 to June 2009." It also provides an "estimate [of] the damages suffered by [MacDonald] as a result of mismanagement of the investment portfolios by Merrill Lynch and Morgan Stanley."
Mahoney responded to MacDonald's rule 60(b) motion, disputing MacDonald's interpretation of the statute of limitations period for a FINRA claim and asserting that the limitations period has not yet run for MacDonald's claims.
On March 15, 2016, the motion judge denied MacDonald's rule 60(b) motion, holding that:
"[MacDonald] has still not submitted any evidence of a meritorious claim, while the summary of an expert's report, as well as the expert's impressive C.V. go to the issue of potential damages in the underlying securities case it does not address the standard of care in the legal malpractice case at issue herein."
Discussion. We review the denial of a motion for relief from judgment for an abuse of discretion. See Stephens v. Global NAPs, 70 Mass. App. Ct. 676, 684-685 (2007). Rule 60(b)(1)"permits a judge of the Superior Court to relieve a party from the effect of an otherwise final judgment for reasons of 'mistake, inadvertence, surprise, or excusable neglect.' " Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979). In Berube, this court articulated six factors to guide a motion judge's disposition of a rule 60(b) motion:
"(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party's legal representative, rather than to the party himself; for 'the courts have been reluctant to attribute to the parties the errors of their legal representatives.' "
Id. at 430-431 (citation omitted).
MacDonald argues on appeal that "all of the Berube factors weighed heavily toward granting [his] [r]ule 60[ (b) ] motion." We disagree. While MacDonald may have satisfied some of the Berube factors, his rule 60(b) motion and attached documents fail to set forth any information that would show that his legal malpractice claim against Mahoney is meritorious.
MacDonald's rule 60(b) motion and accompanying documents are void of even the basic information on his legal malpractice claim, such as the acceptable standard of care and how Mahoney breached such standard. Rather, MacDonald's rule 60(b) motion and accompanying documents focus on his claim with FINRA and the damages he might have received in that action. We agree with the motion judge that such information on MacDonald's underlying FINRA claim is futile in showing how his present legal malpractice claim has merit.[4] Additionally, MacDonald failed to provide information that would constitute excusable neglect for missing both the original interrogatory deadline of September 26, 2016, and the extended interrogatory deadline of November 22, 2016. We, thus, see no abuse of discretion in the motion judge's decision to deny MacDonald's rule 60(b) motion.
Order denying motion for relief from judgment affirmed.

The notice of appeal states that the plaintiff "appeals this matter to the Appeals Court from the Judgment after denial of the Plaintiff's Motion for Relief From Judgment." The notice of appeal is untimely as to the judgment.

Mahoney was retained as MacDonald's legal counsel after he discovered that he might have a potential Financial Industry Regulatory Authority (FINRA) claim against his former brokers. MacDonald filed the instant legal malpractice suit against Mahoney because, according to MacDonald, the statute of limitations for filing a FINRA claim ran during the course of Mahoney's legal representation of MacDonald. MacDonald asserts that his FINRA claims are barred by the statute of limitations because more than six years has passed since the last transaction involving the securities at issue. Mahoney disputes that the statute of limitations has run for MacDonald's FINRA claim and asserts that the claim is still viable until sometime in 2019. FINRA rule 12206 provides, in pertinent part, "No claim shall be eligible for submission to arbitration under the Code where six years have elapsed from the occurrence or event giving rise to the claim. The panel will resolve any questions regarding the eligibility of a claim under this rule." MacDonald has yet to attempt to file a claim with FINRA which, according to rule 12206 would "resolve any questions regarding the eligibility of a claim," e.g., whether the limitations period has run.

While information regarding the FINRA claim will eventually be pertinent in the legal malpractice case, such information, alone, does not indicate the legal duty Mahoney owed to MacDonald or how Mahoney breached such duty.