NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-64

FLAVIA BENITEZ[1]

vs.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On November 14, 2023, after a bench trial, a Superior Court judge entered judgment dismissing plaintiff Flavia Benitez's claim for negligence against the Massachusetts Bay Transit Authority (MBTA).  The plaintiff subsequently filed three motions for a new trial.[2]  The judge denied the first two motions for procedural defects and denied the third motion on the merits, in a written decision entered on December 21, 2023.  The plaintiff then filed a number of motions concerning the trial transcript, exhibits, and appellate record resulting in, as

_____

[1] A self-represented litigant.

[2] The plaintiff filed the first motion on November 20, 2023, the second motion on December 5, 2023, and the third motion on December 19, 2023.

relevant here, a June 16, 2025 order partially denying her motion to correct the appellate record.  The plaintiff now appeals from the judgment, from the order denying her third motion for a new trial, and from so much of the June 16, 2025 order that denied her motion to correct the appellate record. We dismiss the plaintiff's appeal from the November 14, 2023 judgment as untimely; affirm the December 21, 2023 order denying the plaintiff's motion for a new trial; and dismiss, as moot, the appeal from the June 16, 2025 order partially denying the plaintiff's motion to correct the appellate record.

Discussion.  1.  Plaintiff's appeal from the judgment.  "A timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal."  DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018).  A party generally must file an appeal from a judgment in a civil action within thirty days of the entry of judgment, but that thirty-day period is tolled if a motion listed within rule 4 (a) (2) of the Massachusetts Rules of Appellate Procedure is made or served in a timely manner.  Mass. R. A. P. 4 (a) (1)-(2), as appearing in 481 Mass. 1606 (2019).  "Any motion for a new trial filed after the period set out by Mass. R. Civ. P. 59 (b)[, 365 Mass. 827 (1974),] would have to be considered as falling within Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974)."  Stephens v. Global NAPs, 70 Mass. App. Ct. 676, 682 (2007).  Rule 60 (b) motions do not toll

2

the thirty-day period unless they are "served within 10 days after entry of judgment."  Mass. R. A. P. 4 (a) (2) (A) (iii). See Stephens, supra.

On January 4, 2024, the plaintiff filed her first notice of appeal from the judgment entered on November 14, 2023.  She then filed a second notice of appeal on January 16, 2024, from the judgment and from the denial of her motion for a new trial on December 21, 2023.  Because the judgment entered on November 14, 2023, the plaintiff's notices of appeal would only be timely if her first new trial motion tolled the thirty-day appeal period. See Mass. R. A. P. 4 (a) (2) (A) (iii).

The judge denied the plaintiff's first motion for a new trial "for failure to comply with Rule 9A," and dismissed her second motion for a new trial because "The Plaintiff cannot rely on defective service from an already DENIED Motion."  Because the plaintiff failed to properly serve her first two new trial motions, those motions did not toll the thirty-day appeal period.  The plaintiff's third motion for a new trial, though apparently served, was too late to toll the thirty-day period. Mass. R. A. P. 4 (a) (2) (A) (iii); Stephens, 70 Mass. App. Ct. at 682.  We therefore dismiss the plaintiff's appeal from the judgment.

2.  Third motion for a new trial.  "An appellant's obligation to include . . . copies of motions which are

3

essential for review of the issues raised on appeal . . . is a fundamental and long-standing rule of appellate civil practice" (quotation and citation omitted). Cameron v. Carelli, 39 Mass. App. Ct. 81, 84 (1995). See Mass. R. A. P. 8 (a)-(c), as appearing in 481 Mass. 1611 (2019); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637 (2019).

Although the plaintiff provided the defendant's opposition to her motion, the plaintiff did not provide the motion itself.[3] See Cameron, 39 Mass. App. Ct. at 84. To attempt to review the merits of her argument without the motion itself would require us to speculate as to the legal and factual bases for the plaintiff's motion, which we will not do. See DosSantos v. Beth Israel Deaconess Hosp.-Milton, Inc., 497 Mass. 34, 43 (2026) (Supreme Judicial Court unwilling to speculate on content of documents not in the record appendix); Cameron, supra. Accordingly, we affirm the denial of the plaintiff's third motion for new trial.

3. Motion to correct the appellate record. "A moot case is one where a court can order no further effective relief" (quotation and citation omitted). Branch v. Commonwealth Employment Relations Bd., 481 Mass. 810, 817 (2019). Because we

---

[3] The plaintiff's motion to correct the appellate record does not address the absence of the motion for a new trial in the appellate record.

address the plaintiff's arguments challenging the final disposition of her claim for negligence on grounds unrelated to the motion to correct the appellate record, any relief regarding the plaintiff's motion to correct the appellate record would have no practical effect.  See id.  We accordingly dismiss, as moot, the plaintiff's appeal from the June 16, 2025 order partially denying the plaintiff's motion to correct the appellate record.

Conclusion.  The plaintiff's appeals from the November 14, 2023 judgment and the June 16, 2025 order partially denying the plaintiff's motion to correct the appellate record are dismissed.  The December 21, 2023 order denying the plaintiff's motion for a new trial is affirmed.

So ordered.

By the Court (Desmond, Hershfang & Brennan, JJ.[4]),

Clerk

Entered:  March 17, 2026.

---

[4] The panelists are listed in order of seniority.